# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CASTINE ENERGY                NO. 1:12-CV-0595
   CONSTRUCTION, INC.

v.                              JUDGE CONNER

THE HARRISBURG AUTHORITY       MAGISTRATE JUDGE METHVIN

## REPORT AND RECOMMENDATION
## ON MOTION TO DISMISS
### (Doc. 3)

This matter involves a contract dispute. On March 30, 2012, plaintiff, Castine Energy Construction, Inc., filed a complaint against the defendant, The Harrisburg Authority ("THA"), alleging two claims—breach of contract (Count I) and unjust enrichment (Count II) (Doc. 1). Presently before the court is THA's motion to dismiss on grounds that the contract contains an arbitration clause. Essentially, defendant seeks to compel arbitration. (Doc. 3).[1] The motion has been referred to the undersigned for a report and recommendation, and is now ripe for disposition.[2]

---

[1] THA filed a motion to dismiss on April 24, 2012 (Doc. 3) and thereafter filed a supporting brief on May 7, 2012 (Doc. 4). Castine filed a brief in opposition to the motion on July 6, 2012 (Doc. 11), to which THA field a reply brief on July 20, 2012. (Doc. 12).

[2] On January 11, 2013, Judge Conner referred the pending motion to undersigned. (Doc. 13).

## FINDINGS AND RECOMMENDATIONS

### I. Background

In accordance with the standard of review on a motion to compel arbitration, the facts will be presented in the light most favorable to Castine, as the non-moving party.[3] The complaint alleges that Castine is a Maine corporation with its principal place of business in Waterville, Maine. (Doc. 1, ¶ 1). THA is a municipal authority created by the City of Harrisburg, Pennsylvania under the Municipal Authorities Act, 53 Pa.C.S. § 5601 *et seq*. (*Id*. ¶ 2).

The parties entered into a written contract under which Castine provided construction materials and services to THA's municipal trash incinerator. (*Id*. ¶¶ 5, 6). The General Conditions contain the following provisions regarding mediation and arbitration:

> 14.1.1   The Owner and Contractor shall submit unresolved claims and counterclaims, disputes, controversies and other matters in question arising out of or related to this contract or the breach thereof ("disputes"), to mediation prior to either party initiating against the other a demand for arbitration . . .The Owner and Contractor shall agree in writing to the identity of the mediator and the rules and procedures of the mediation. If the Owner and Contractor cannot agree, the dispute shall be submitted to mediation under the then current Construction Industry Mediation Rules of the American Arbitration Association.

---

[3] *See infra* Part III.

14.1.2   All unresolved disputes relating to this Contract or the breach thereof ("disputes") shall be decided by arbitration . . . The agreement to arbitrate, and any other agreement or consent to arbitrate entered into in accordance herewith shall be specifically enforceable under the prevailing law of any court having jurisdiction. The Owner and Contractor shall agree in writing as to the identity of the arbitrator(s) and the rules and procedures of arbitration. If the Owner and the Contractor do not so agree, the Owner and Contractor shall submit the dispute to arbitration under the then current Construction Industry Rules of the American Arbitration Association.

14.1.5   The decision rendered by the arbitrator shall be final, judgment may be entered upon it in any court having jurisdiction thereof, and the award shall not be subject to modification or appeal. In any judicial proceeding to enforce this Agreement to arbitrate, the only issues to be determined shall be those set forth in 9 U.S.C. Section 4 Federal Arbitration Act, and such issues shall be determined by the Court without a jury. All other issues, such as but not limited to, arbitratibility, prerequisites to arbitration, compliance with contractual time limits, applicability of indemnity clauses, clauses limiting damages and statutes of limitation shall be for the arbitrator(s), whose decision thereon shall be final and binding. There shall be no interlocutory appeal of an order compelling arbitration.

(Doc. 3-2, Ex. B, p. 32–33).

Castine asserts it performed all its obligations, but THA failed to pay for the work. (*Id*. ¶¶ 7, 8). It further contends that THA has unjustly retained the benefits of Castine's performance under the contract. (*Id*. ¶ 14).

## II. Issues Presented

Defendant raises the following issues in its motion:

A.      The contract contains an enforceable arbitration clause.

B.      A dismissal of the action, rather than a stay of the proceedings, is appropriate.

## III. Standard of Review

In the present case, defendant has filed a motion to dismiss, arguing that the enforcement of the arbitration clause precludes the district court's consideration of the matter. In substance, THA seeks to compel arbitration.

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, establishes a strong federal policy in favor of the arbitration of disputes such that any doubt regarding the scope of an arbitration agreement must be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir.2003). Section 2 of the FAA provides that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Despite the presumption in favor of arbitration, prior to depriving a party of his day in court, there must be a finding that: (1) a valid agreement to arbitrate was

entered; and (2) the claims at issue fall within the scope of the agreement. *Kaneff v. Del. Title Loans*, 587 F.3d 616, 620 (3d Cir.2009). In making these determinations, a court applies the same standard as it would when reviewing a motion for summary judgment, granting a motion to compel only if there is "no genuine issue of fact concerning the formation of the agreement to arbitrate." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 159 (3d Cir.2009) (internal citations and quotations omitted). Accordingly, the court must view the evidence and reasonable inferences drawn therefrom in a light most favorable to the non-moving party. *Id. See also Par–Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 & n. 9 (3d Cir.1980) (granting a motion to compel arbitration effects a "summary disposition of the [factual] issue" of the existence of an agreement to arbitrate, and courts should consider the facts in the light most favorable to the nonmoving party, giving that party "the benefit of all reasonable doubts and inferences that may arise.") (*quoted with approval in Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 106 (3d Cir.2000)). In the context of such a motion, the court may consider the pleadings, documents of uncontested validity, and affidavits or depositions submitted by either party. *See id.* (citing FED. R. CIV. P. 56(c)).

However, even if these requirements are satisfied, Section 2 of the Federal Arbitration Act provides that an agreement to arbitrate may be invalidated "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "This saving clause permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT & T Mobility, LLC v. Concepcion*, ___ U.S. ___, ___, 131 S.Ct. 1740, 1746, 179 L.Ed.2d 742 (2011).

## IV. Discussion

*(A) Is there an enforceable arbitration clause?*

When a federal court addresses a motion to compel arbitration, it is "limited to a narrow scope of inquiry." *Gay v. CreditInform*, 511 F.3d 369, 386 (3d Cir.2007) (internal quotation marks omitted). The court may consider only narrow "gateway matters" that touch on the question of arbitrability, such as whether an arbitration agreement applies to a particular controversy, or whether the parties are bound by the arbitration clause. *Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*, 489 F.3d 580, 585 (3d Cir.2007). "Thus, only when there is a question regarding whether the parties should be arbitrating at all is a

question of arbitrability raised for the court to resolve. In other circumstances, resolution by the arbitrator remains the presumptive rule." *Id.* (internal citation and quotation marks omitted).

Castine does not dispute that an agreement to arbitrate exists or that the claim at issue falls within the scope of that agreement. Rather, Castine contends that the arbitration clause in the contract and attendant documents is unenforceable because it is both procedurally and substantively unconscionable.

"Unconscionability is a 'defensive contractual remedy which serves to relieve a party from an unfair contract or from an unfair portion of a contract.'" *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir.1999) (quoting *Germantown Mfg. Co. v. Rawlinson*, 341 Pa. Super. 42, 491 A.2d 138, 145 (Pa. Super. Ct.1985)). "The party challenging a contract provision as unconscionable generally bears the burden of proving unconscionability." *Id.* Proving that a contract is unconscionable "requires a two-fold determination: that the contractual terms are unreasonably favorable to the drafter and that there is no meaningful choice on the part of the other party regarding acceptance of the provisions." *Worldwide Underwriters Ins. Co. v. Brady*, 973 F.2d 192, 196 (3d Cir.1991) (citing *Koval v. Liberty Mut. Ins. Co.*, 366 Pa. Super. 415, 531 A.2d 487, 491 (Pa. Super. Ct.1987)); *see also Denlinger, Inc. v. Dendler*, 415 Pa. Super. 164, 608

A.2d 1061, 1068 (Pa. Super. Ct.1992) ("[F]or a contract or a term to be unconscionable, the party signing the contract must have lacked a meaningful choice in accepting the challenged provision. Second, the challenged position must 'unreasonably favor' the party asserting it."). The contract provision must be both substantively and procedurally unconscionable for a court to find it unenforceable. *Gay,* 511 F.3d at 392; *Alexander*, 341 at 265.

"Procedural unconscionability pertains to the process by which an agreement is reached ...." *Harris*, 183 F.3d at 181. Procedural unconscionability exists when the party challenging the contractual provision had "an absence of meaningful choice in accepting [it]." *Denlinger, Inc. v. Dendler*, 415 Pa. Super. 164, 608 A.2d 1061, 1068 (1992) (citing *Witmer v. Exxon Corp.*, 495 Pa. 540, 434 A.2d 1222, 1228 (1981)). Substantive unconscionability is found where the terms of an arbitration provision or a contract "unreasonably favor" the party with the greater bargaining power. *Denlinger*, 608 A.2d at 1068. In essence, an arbitration provision is substantively unconscionable if it "create[s] an arbitration procedure that favors one party over another." *Johnson v. W. Suburban Bank*, 225 F.3d 366, 378 n. 5 (3d Cir.2000).

Castine submits that the bidding process, which required numerous affidavits that the contractor's bid was compliant with THA's terms, deprived it of

any ability to negotiate the contract. However, such a process does not establish procedural unconscionability. First, as noted by THA, the bidding process was voluntary, and Castine was free to submit a bid or not to bid on the project. Moreover, as a contractor, Castine would be familiar with the bidding process and contract terms, which are neither unclear nor ambiguous. It cannot reasonably claim to be a "weaker party," unskilled in the contract process, of whom THA took advantage. There are no allegations that Castine was prevented from reading the contract documents or that it was forced to sign the contract. Accordingly, Castine has failed to demonstrate that it lacked meaningful choice in entering the contract. *See Lytle v. CitiFinancial Services*, 810 A.2d 643, 658 (Pa. Super. Ct. 2002) (noting that even finding that a contract is one of adhesion does not require a finding of unconscionability.)

Nor has Castine established substantive unconscionability. An arbitration provision is substantively unconscionable when, for instance: the clause severely restricts discovery for the weaker party, places the burden of costs on the weaker party, limits the remedies available to the weaker party, limits the period in which the weaker party may bring a claim, raises the burden of proof of claims higher than the burden of proof in a judicial forum, or provides only the stronger party with judicial recourse. *Ostroff v. Alterra Healthcare Corp.*, 433 F. Supp.2d 538,

543 (E.D. Pa.2006) (citations omitted). Here, the arbitration clause neither favors THA nor does it limit Castine's rights and remedies in the arbitration forum. Indeed, the terms specifically provide that the parties shall agree not only on the mediator(s) but also on the rules and procedures for the arbitration. Such language clearly indicates equality in the arbitration process which does not unreasonably favor either Castine or THA.

Inasmuch as Castine bears the burden of establishing the unconscionability of the contract term(s) which it seeks to void, having failed to demonstrate that the arbitration provision was procedurally and substantively unconscionable, the clause is valid and enforceable. For this reason, THA's motion should be granted.

*(B) Is the proper recourse to dismiss or to stay the action?*

Having concluded that the arbitration clause is valid, it must next be determined whether the appropriate course of action is to stay the matter or to dismiss it. While it is well-recognized that district courts have the discretion to take either action, there is a split of authority on whether the filed action should be dismissed or stayed pending the outcome of the arbitration. *Compare Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707 (4th Cir. 2001), *and Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1992), and *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635 (9th Cir. 1988), *with Lloyd v. Hovensa,*

*LLC*, 369 F.3d 263 (3d Cir. 2004), *and Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953 (10th Cir. 1994).

THA argues that because the sole issue raised is whether Castine is entitled to payment, and there are no issues presented in this matter that are not arbitrable, the better course of action is to dismiss the case. Indeed, the Third Circuit Court of Appeals has held that where all of the issues raised in a suit are subject to binding arbitration the court may dismiss rather than stay the action. *Halide Group, Inc. v. Hyosung Corp.*, No. 10-2392, 2010 WL 4456928, *3 n.4 (E.D. Pa. Nov. 8, 2010) (citing *Seus v. John Nuveen Co., Inc.*, 146 F.3d 175, 179 (3rd Cir.1998)). Such an approach may better advance the interests of judicial economy.

However, Castine argues in favor of a stay rather than dismissal. While recognizing that a district court may stay an action, "Third Circuit case law reveals a preference to stay cases when enforcing arbitration clauses." *Nowak v. Pennsylvania Professional Soccer, LLC*, No. 12-4165, 2012 WL 4459775, *2 (E.D. Sept. 26, 2012) (citing *Lloyd*, 369 F.3d at 269 (holding that the plain language of the FAA affords a court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration)). Additionally, section 3 of the FAA states that, upon determining that an issue before a court falls within an arbitration agreement between the parties, the court "shall on application of one of

the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Thus, even if, as here, all claims are arbitrable, the court nonetheless plays a significant role under the FAA and, in such instance, "the parties are entitled to seek the Court's assistance during the course of arbitration." *See Hovensa*, 369 F.3d at 270.

Having concluded that case law supports a stay rather than dismissal, it is recommended that the matter be stayed pending arbitration.

## V. Recommendation

Based on the foregoing, it is respectfully recommended that the motion to dismiss (Doc. 3) be deemed a motion to compel arbitration; that the court grant the motion, and that the case be stayed pending arbitration.

Signed on January 22, 2013.

**MILDRED E. METHVIN**
**U. S. MAGISTRATE JUDGE**